WRIGHT, FINLAY & ZAK, LLP
T. Robert Finlay, Esq., SBN 167280
Nicole K. Neff, Esq., SBN 257964
Nichole L. Glowin, Esq., SBN 262932
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660
Tel: (949) 477-5050; Fax: (949) 608-9142
rfinlay@wrightlegal.net; nneff@wrightlegal.net;


Attorneys for Defendant, FIRST AMERICAN LOANSTAR TRUSTEE
SERVICES, LLC.

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re | ) Adv. Case No.: 8:10-AP-01410 |
| | ) BK Case No.: 8:10—BK-22386 |
| MILTON QUACH, an individual | ) |
| | ) *Assigned to the Honorable Theodor* |
| SSN xxx-xx-1587 | ) *C. Albert* |
| | ) |
| | ) **NOTICE OF MOTION AND** |
| | ) **MOTION TO DISMISS** |
| MILTON QUACH; THERESA MAI | ) **PLANTIFFS' ADVERSARY** |
| | ) **COMPLAINT FOR FAILURE TO** |
| Plaintiffs, | ) **STATE A CLAIM UPON WHICH** |
| | ) **RELIEF CAN BE GRANTED, OR** |
| Vs. | ) **IN THE ALTERNATIVE, FOR A** |
| | ) **MORE DEFINITE STATEMENT** |
| WELLS FARGO BANK, NA; FIRST | ) |
| AMERICAN LOANSTAR TRUSTEE | ) **[FRCP Rules 12 (b)(6) & 12(e)]** |
| SERVICES LLC; and all persons | ) |
| claiming by, through, or under such | ) <u>Hearing</u> |
| person, all persons unknown, claiming | ) Date:   February 23, 2011 |
| any legal or equitable right, title, estate, | ) Time:   10:00 a.m. |
| lien, or interest in the property described | ) Ctrm.:  5B |
| in the complaint adverse to Plaintiffs' | ) |

**NOTICE OF MOTION AND MOTION TO DISMISS TO PLAINTIFFS' ADVERSARY
COMPLAINT**

| | | |
|---|---|---|
| 1 | title thereto; and DOES 1-100, inclusive ) | *[Filed Concurrently with Request for* |
| 2 | ) | *Judicial Notice and (Proposed)* |
| | Defendants ) | *Order]* |
| 3 | _____ ) | |

4

5   **TO THE HONORABLE COURT AND ALL PARTIES AND THEIR**

6   **ATTORNEYS OF RECORD, IF ANY:**

7        **PLEASE TAKE NOTICE THAT** on February 23, 2011, at 10:00 a.m. in

8   Courtroom 5B of the above-captioned Court, located at 411 W. Fourth Street, Ste.

9   2030, Santa Ana, California, Defendant FIRST AMERICAN LOANSTAR

10   TRUSTEE SERVICES, LLC ("LOANSTAR"), by and through its attorneys of

11   record, Wright, Finlay & Zak, LLP, will move this Court for an Order dismissing

12   the Adversary Complaint of Debtor and Plaintiffs Milton Quach and Theresa Mai

13   (collectively "Plaintiffs") pursuant to the *Federal Rules of Civil Procedure*

14   ("*FRCP*"), Rule 12(b)(6), for failure to state a claim upon which relief can be

15   granted.  In the alternative, Loanstar will move this Court pursuant to FRCP 12(e)

16   for a more definite statement.

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

**NOTICE OF MOTION AND MOTION TO DISMISS TO PLAINTIFFS' ADVERSARY
COMPLAINT**

1       This Motion is based upon this Notice of Motion and Motion, the

2  supporting Memorandum of Points and Authorities set forth below, the Request

3  for Judicial Notice filed concurrently herewith, the complete files and records in

4  this action, the oral argument of counsel, if any, and such other and further

5  evidence as the Court might deem proper.

6

7                         Respectfully submitted,

8                         WRIGHT, FINLAY & ZAK, LLP

9

10

11  Dated: November 16, 2010      By:   *//Nichole L. Glowin//*

12                             T. Robert Finlay, Esq.

13                             Nicole K. Neff, Esq.

                                Nichole L. Glowin, Esq.

14                             Attorneys for Defendant, FIRST

15                             AMERICAN LOANSTAR TRUSTEE
SERVICES, LLC.

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION TO DISMISS TO PLAINTIFFS' ADVERSARY
COMPLAINT**

# TABLE OF CONTENTS

Page No.

MEMORANDUM OF POINTS AND AUTHORITIES ............................ 1

I.     INTRODUCTION ......................................................................... 1

II.    STATEMENT OF FACTS ............................................................ 1

III.   DISCUSSION ............................................................................... 2

       A.     The Standards to Be Applied To a Motion To Dismiss ................. 2

       B.     The Complaint Lacks a Claim Upon Which Relief May
              Be Granted ................................................................................ 3

              1.     The Entire Complaint is Barred Because Plaintiff Did
                     Not Tender The Amounts Owed Under The Note
                     And Deed of Trust ..................................................................... 3

              2.     Plaintiffs' Fraud Claim Fails as to Loanstar Because
                     Plaintiffs Have Not Pled The Requisite Elements to
                     State a Claim ............................................................................. 5

              3.     Plaintiffs' Third, Fourth, and Fifth Causes of Action
                     Fail Because Foreclosure Proceedings Were Properly
                     Commenced Upon Plaintiffs' Undisputed Default ................. 8

              4.     Plaintiffs' Breach of Contract Claim Fails Because
                     Plaintiffs Did Not Perform Under The Terms of The
                     Note And Deed of Trust .......................................................... 11

              5.     Plaintiffs' Seventh Cause of Action Fails Because
                     Plaintiffs Fail to Allege The Requisite Elements of
                     Breach of The Implied Covenant of Good Faith and
                     Fair Dealing And No Contract or Tort Damages
                     Are Permitted .......................................................................... 12

              6.     Plaintiffs' Slander of Title Claim is Inapplicable to
                     Loanstar .................................................................................... 14

C.    Alternatively, A More Definite Statement is Required .................15

IV.   CONCLUSION ........................................................................... 16

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

<u>Page No.</u>

**Cases**

*Abdallah v. United Savings Bank,*
   (1996) 43 Cal.App.4th 1101, 1109 ........................................................ 4

*Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co.,*
   (2004)116 Cal.App.4th 1375 .................................................................. 11

*Arnolds Management Corp. v. Eischen,*
   (1984) 158 Cal.App.3d 575, 578-579 ..................................................... 4

*Ashcroft v. Iqbal,*
   129 S.Ct. 1937, 1949 (2009) ................................................................... 3

*Balistreri v. Pacifica Police Department,*
   901 F.2d 696, 699 (9th Cir. 1990) .......................................................... 2

*Bly-Magee v. California,*
   236 F.3d 1014, 1019 (9th Cir. 2001) ...................................................... 6

*Brown v. Wells Fargo Bank, NA,*
   168 Cal. App. 4th 938, 958 (2008) ......................................................... 6

*Careau & Co. v. Security Pacific Business Credit, Inc.,*
   (1990) 222 Cal.App.3d 1371 .................................................................. 13

*Cooper v. Pickett,*
   137 F.3d 616, 627 (9th Cir. 1997) .......................................................... 6

*Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.),*
   42 F.3d 1541, 1548 (9th Cir.1994) ......................................................... 6

*Dodd v. Citizens Bank of Costa Mesa,*
   (1990) 222 Cal.App.3rd 1624, 1627 ....................................................... 9

*Elxsi v. Kukje America Corp.,*
   (N.D.CA 1987) 672 F.Supp. 1294, 1299 ................................................ 12

1   *Famolare, Inc. v. Edison Bros. Stores, Inc.,*
2       525 F. Supp. 940, 949 (E.D. Cal. 1981) ................................................. 16
3   *Foley v. Interactive Data Corp.,*
4       (1988) 47 Cal.3d 654, 682-700 ............................................................ 13
5   *FPCI RE-HAB 01 v. E & G Invest., Ltd.,*
6       (1989) 207 Cal.App.3d 1018, 1021 ......................................................... 4
7   *FRA S.P.A v. Surg-O-Flex of America,*
8       415 F. Supp. 421, 427 (S.D.N.Y. 1976) ................................................. 16
9   *Frank Pisano & Associates v. Taggart,*
10      29 Cal.App.3d 1, 24 (1972). ................................................................ 15
11  *Frederick v. Koziol,*
12      772 F. Supp. 1019, 1021 (E.D. Va. 1990) ............................................. 16
13  *Gudger v. Manton,*
14      (1943) 21 C.2d 537, 541, 134 P.2d 217 ........................................... 14, 15
15  *Holland v. Morse Diesel Intern, Inc.,*
16      (2001) 86 Cal.App.4th 1443, 1447 .......................................................... 9
17  *Homestead Sav. v. Darmiento,*
18      (1991) 230 Cal. App. 3d 424, 432-433 .................................................... 8
19  *Ivey v. Board of Regents,*
20      673 F.2d 266, 268 (9th Cir. 1982) .......................................................... 3
21  *Karlsen v. American Savings & Loan Assoc.,*
22      (1971) 15 Cal.App.3d 112, 117. ............................................................. 4
23  *Katemis v. Westerlind,*
24      (1953) 120 Cal.App.2d 537 ................................................................... 13
25  *Lazar v. Superior Court,*
26      12 Cal.4th 631, 645 (1996). .................................................................... 6
27  *Levy v. State Farm Mut. Auto Ins. Co.,*
28      150 Cal. App. 4th 1, 5 (2007) ............................................................... 11

1   *Mabry v. Superior Court,*

2       (2010) 185 Cal.App. 4th, 201, 208 ............................................................... 10

3   *McCarthy v. Mayo,*

4       827 F.2d 1310, 1316 (9th Cir. 1987). ............................................................ 3

5   *Mitsui Manufacturers Bank v. Superior Court,*

6       (1989) 212 Cal.App.3d 726, 730-33 ............................................................ 13

7   *Moeller v. Lien,*

8       25 Cal. App. 4th 822 (1994) .................................................................... 8, 9

9   *Nguyen v. Calhoun,*

10      129 Cal.App.4th 428, 444 .......................................................................... 7

11  *Parrish v. National Football League Players Association,*

12      (2007) 534 F.Supp.2d 1081 ...................................................................... 11

13  *Poirier v. Gravel,*

14      88 Cal. 79, 82 (1891) .............................................................................. 11

15  *Price v. Wells Fargo Bank,*

16      (1989) 213 Cal.App.3d 465, 476-79 ............................................................ 13

17  *Raedeke v. Gibraltar Savings and Loan Association,*

18      10 Cal.3d 665, 673 .................................................................................. 7

19  *Robertson v. Dean Witter Reynolds, Inc.,*

20      749 F.2d 530, 533-534 (9th Cir. 1984) .......................................................... 2

21  *Sears, Roebuck & Co. v. Metropolitan Engraver, Ltd.,*

22      245 F.2d 67, 70 (9th Cir. 1956) ................................................................... 3

23  *Secrest v. Security Nat. Mortg. Loan Trust 2002-2,*

24      167 Cal.App.4th 544 ................................................................................ 7

25  *Sicairos v. NDEX West, LLC, et al.,*

26      2009 WL 385855 (S.D. Cal. 2009) ............................................................... 8

27  *Smith v. San Francisco,*

28      225 C.A. 3d 38, 49 (1990) ....................................................................... 12

1

**Federal Rules**

2

*FRCP,* Rule 12............................................................................... 2, 7, 15

3

*FRCP,* Rule 8......................................................................................... 3

4

*FRCP,* Rule 9......................................................................................... 6

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Plaintiffs Complaint is another of those generic boilerplate complaints which Plaintiffs have taken and slightly modified in an attempt to set aside a valid foreclosure sale. Plaintiffs' allegations simply consist of conclusory allegations that fail to state a claim against Loanstar.

Plaintiffs' Complaint makes numerous attempts to have the Court render the foreclosure sale of the Property invalid despite some clear flaws in their pleading. Plaintiffs' claims each challenge the foreclosure and attempt to return title to Plaintiffs. Plaintiffs attempt to set aside the sale based on the theories that: 1) Loanstar was not authorized to record the Notice of Default; and 2) there was fraud in connection with the foreclosure. Nonetheless, Plaintiffs' entire action, which seeks to set aside the foreclosure sale, is barred because Plaintiffs are not entitled to challenge the foreclosure since they failed to allege that at any time prior to the foreclosure sale, they tendered the amounts in default.

As will be demonstrated below, the Adversary Complaint is factually and legally inept and cannot survive this motion to dismiss.

**II. STATEMENT OF FACTS**

On or about June 7, 2007, Plaintiffs executed a promissory note in the amount of $600,000.00 ("Note" or "Loan") in favor of the originating lender, Wells Fargo Bank, N.A. ("Wells Fargo").[1] The Note is secured by the subject property, located at 6221 Mahogany Ave., Westminster, California 92683 (the "Property"), through a recorded Deed of Trust ("DOT"), which names Plaintiffs as trustors, Fidelity National Title Ins. Co. ("Fidelity") as the trustee, and Wells Fargo as the beneficiary.[2]

---

[1] *See* DOT, Exhibit "1" to the Request for Judicial Notice ("RJN") filed concurrently herewith.
[2] *Id.*

-1-

**NOTICE OF MOTION AND MOTION TO DISMISS TO PLAINTIFFS' ADVERSARY
COMPLAINT**

1    On April 17, 2009, after the Loan was $14,459.38 in arrears, a Notice of

2  Default and Election to Sell Under Deed of Trust ("NOD") was recorded against

3  the Property.[3]   On May 21, 2009, a Substitution of Trustee was recorded and

4  Loanstar was substituted as substitute trustee.[4]  After failing to cure the default, a

5  Notice of Trustee's Sale was recorded, setting the sale date for August 12, 2009.[5]

6  The sale was postponed to May 10, 2010 and title reverted to Wells Fargo

7  pursuant to the Trustee's Deed Upon Sale ("TDUS") recorded on May 14, 2010.[6]

8    Thereafter, Plaintiffs filed for Chapter 11 Bankruptcy on September 1,

9  2010,[7] which was followed by the filing of this Adversary Complaint on

10  September 3, 2010.  Specifically, Plaintiffs claim through the Adversary

11  Complaint, without any factual support whatsoever, that Loanstar: (1) breached a

12  contract and (2) improperly commenced foreclosure proceedings by causing a

13  notice of default to be recorded against the Property.  Loanstar brings the present

14  motion to dismiss because the Complaint fails to state facts sufficient to constitute

15  a valid claim against Loanstar.

16            **III.    DISCUSSION**

17        **A.    The Standards to Be Applied To a Motion To Dismiss.**

18    A complaint may be dismissed as a matter of law under *FRCP*, Rule

19  12(b)(6) for lack of a cognizable legal theory or insufficient facts under a

20  cognizable legal claim.[8]  "[F]actual allegations must be enough to raise a right to

21  relief above the speculative level" and "more than labels and conclusions, and a

22  formulaic recitation of the elements of a cause of action" must be alleged.[9]

---

[3] *See* Notice of Default, Exhibit "2" to the RJN.
[4] *See* Substitution of Trustee, Exhibit "3" to the RJN.
[5] *See* Notice of Trustee's Sale, Exhibit "4" to the RJN.
[6] See Trustee's Deed Upon Sale, Exhibit "5" to the RJN.
[7] *See* Complaint, ¶ 1.
[8] *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-534 (9th Cir. 1984); see generally
  *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).
[9] *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (internal citations omitted).

**NOTICE OF MOTION AND MOTION TO DISMISS TO PLAINTIFFS' ADVERSARY
COMPLAINT**

1   Although *FRCP*, Rule 8(a) "does not require 'detailed factual allegations,'... it

2   demands more than an unadorned, the-defendant-unlawfully-harmed-me

3   accusation."[10]

4     In fact, "[t]o survive a motion to dismiss, a complaint must contain

5   sufficient factual matter, accepted as true, to 'state a claim to relief that is

6   plausible on its face.'"[11] A showing of plausibility requires "more than a sheer

7   possibility that a defendant has acted unlawfully."[12] "Where a complaint pleads

8   facts that are 'merely consistent with' a defendant's liability, it 'stops short of the

9   line between possibility and plausibility of 'entitlement to relief.'"[13] As such,

10  conclusory allegations are disregarded and the court may not "supply essential

11  allegations of the claim that were not initially pled."[14] Finally, the court does not

12  have to accept alleged facts as true, when they contradict matters subject to

13  judicial notice.[15]

14    **B.**  **The Complaint Lacks A Claim Upon Which Relief May Be**

15       **Granted**.

16      **1.**  **The Entire Complaint is Barred Because Plaintiffs Did Not**
17         **Tender The Amounts Owed Under The Note and Deed of**
18         **Trust**

19    Since there is no allegation that Plaintiffs have tendered payment due under

20  the Note and Deed of Trust, none of the causes of action alleged herein may

21  properly be maintained.  Absent a tender of the undisputed amounts, Plaintiffs

22

23

24

---

25  [10] *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009), quoting *Twombly*, supra, 127 S.Ct. at 555.

26  [11] *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009), quoting *Twombly*, supra, 127 S.Ct. at 570.
    [12] *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009), citing *Twombly*, supra, 127 S.Ct. at 556.

27  [13] *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009), citing *Twombly*, supra, 127 S.Ct. at 557.
    [14] *McCarthy v. Mayo*, 827 F.2d 1310, 1316 (9th Cir. 1987).; *Ivey v. Board of Regents*, 673 F.2d
28   266, 268 (9th Cir. 1982).
    [15] *Sears, Roebuck & Co. v. Metropolitan Engraver, Ltd.,* 245 F.2d 67, 70 (9th Cir. 1956).

**NOTICE OF MOTION AND MOTION TO DISMISS TO PLAINTIFFS' ADVERSARY
COMPLAINT**

1   cannot invoke the court's equitable powers to set aside the trustee's sale.[16]   As the

2   Court of Appeals explained in *F.P.B.I. Rehab 01 v. E&G Investments, Ltd.*:

3   > This rule...is based upon the equitable maxim that a court
4   > of equity will not order a useless act performed....if
5   > plaintiffs could not have redeemed the property had the
    > sale procedures been proper, any irregularities in the sale
6   > did not result in damages to the plaintiffs.[17]

7   Thus, as a condition precedent to any action challenging a foreclosure, the

8   borrower must tender or offer to tender a sum <u>sufficient to cure the default</u>.[18] The

9   reasoning behind this rule is that a court of equity will not order the performance of

10  a useless act.[19] No such tender has been made here.

11  Further, the tender must have been made in *good faith*; the party making the

12  tender must have had the *ability to perform*; and the tender must have been

13  *unconditional*. *See Civil Code* §§ 1486 (full performance), 1493 (good faith), 1494

14  (unconditional) and 1495 (offeror must have ability to perform).[20]  This tender

15  requirement has been extended to apply to "any cause of action" arising from an

16  alleged improper foreclosure.[21]

17  Basically, in order to redeem, Plaintiffs would have to pay the entire debt

18  plus costs, other than just past arrearages.[22] Thus, tendering of payments becomes

19  the cornerstone to such actions. Here, Plaintiffs do not allege that they tendered the

20  amounts owed under the Loan. Instead, Plaintiffs allege that they agreed to make

21

22  [16] *Abdallah v. United Savings Bank* (1996) 43 Cal.App.4th 1101, 1109; *see also, United States*
23  *Cold Storage v. Great Western Savings & Loan Assoc.* (1985) 165 Cal.App.3d 1214, 1222;
    *Karlsen v. American Savings & Loan Assoc.* (1971) 15 Cal.App.3d 112, 117.
24  [17] (1989) 207 Cal.App.3d 1018, 1021
    [18] *Karlsen,* supra., at p. 117 (judgment on the pleadings granted); *Arnolds Management Corp. v.*
25  *Eischen* (1984) 158 Cal.App.3d 575, 578-579; see also, 4  Miller & Starr, California Real
    Estate, §9, 154, pp. 507-8 (2d Ed. 1989) and authorities cited therein.
26  [19] *Karlsen, supra,* at 118; *FPCI RE-HAB 01 v. E & G Invest., Ltd.*, (1989) 207 Cal.App.3d 1018,
27  1021.
    [20] *See also* Miller & Starr, *supra.*
28  [21] *Karlsen, supra*; *Arnolds Management Corp., supra.*
    [22] *Wadleigh v. Phelps (1906)* 149 Cal.627, 642, 643.

NOTICE OF MOTION AND MOTION TO DISMISS TO PLAINTIFFS' ADVERSARY
COMPLAINT

1  monthly mortgage payments "starting February 2010 to cure the default"[23] and the

2  last payment made was on April 2, 1010.[24]    There is no allegation that Plaintiffs

3  presented funds to Defendants to cure the default, or that "monthly mortgage

4  payment" was sufficient to cure the default.  Accordingly, absent a full and

5  unconditional tender, Plaintiffs cannot challenge the foreclosure sale, or maintain

6  any claim arising therefrom.  As such, the Court should grant Loanstar's Motion to

7  Dismiss as to all causes of action arising out of the allegedly improper foreclosure.

8        **2.    Plaintiffs' Fraud Claim Fails as to Loanstar Because**
9             **Plaintiffs Have Not Pled the Requisite Elements to State a**
             **Claim.**
10

11       Plaintiffs' First Cause of Action for Fraud has not been pled with specificity

12  and fails to state a claim.  Plaintiffs' claim is primarily based on the allegation that

13  "Defendants represented to Plaintiffs that such increased monthly payments will

14  apply to outstanding past due balance and they will cease foreclosure

15  proceedings."[25]  The requisite elements for fraud are: (1) Representation; (2)

16  Falsity; (3) Knowledge of falsity; (4) Intent to deceive; and (5) Reliance which

17  results in damage.[26]

18       Additionally, Federal Rule of Civil Procedure 9(b) demands that, "[i]n

19  alleging fraud…, a party must state with particularity the circumstances

20  constituting fraud."  "The pleading must be specific enough to give defendants

21  notice of the particular misconduct…so that they can defend against the charge and

22  not just deny that they have done anything wrong."[27]  A claim for fraud or premised

23  on fraud requires the Plaintiffs to allege "the who, what, where, and when of the

24

---

25  [23] See Complaint, ¶ 26.
   [24] See Complaint, ¶¶ 26-28.
26  [25] See Complaint, ¶ 27.
27  [26] See discussion at 5 Witkin, *California Procedure Before Trial* (4th ed. 1997), Pleading §668, pp.123-124.
28  [27] *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation omitted).

-5-

1   alleged fraud."[28] "[A] plaintiff must set forth *more* than the neutral facts necessary
2   to identify the transaction. The plaintiff must set forth what is false or misleading
3   about a statement, and why it is false."[29] When the claim within the complaint fails
4   to satisfy the heightened pleading requirements of Rule 9(b), a district court may
5   dismiss the claim.[30]

6       Also, the requirements for pleading fraud against a *corporation are even*
7   *more stringent.*[31] The requirement of specificity in a fraud action against a
8   corporation requires Plaintiffs to allege the names of the persons who made the
9   allegedly fraudulent statements or omissions, their authority, and when they were
10  misrepresented; none of which are alleged here.[32]

11      In addition, a necessary element of fraud in the execution is reasonable
12  reliance.[33]

13          "This issue usually arises when the plaintiff failed to read the
14          terms of the contract, relying instead on the defendant's
            representation as to the effect of the contract. Generally, it is
15          not reasonable to fail to read a contract; this is true even if the
16          plaintiff relied on the defendant's assertion that it was not
            necessary to read the contract.[34]
17

18      Here, Plaintiffs' first cause of action does not meet the heightened pleading
19  standards of *FRCP*, Rule 9 (b). Plaintiffs have not specifically alleged the "the
20  who, what, where, and when of the alleged fraud."[35] Plaintiffs have not alleged
21  specifically what, if any, misrepresentations were made, who made them, when
22  they were made, the authority of the declarant, or under what set of conditions or
23

24  _____

25  [28] *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d
    1097, 1106 (9th Cir. 2003).
26  [29] *Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.)*, 42 F.3d 1541, 1548 (9th Cir.1994).
    [30] See, e.g., *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001).
27  [31] *See  Lazar v. Superior Court*, 12 Cal.4th 631, 645 (1996).
    [32] *Tarmann v. State Farm Mutual Auto Insurance Company*, 2 Cal.App.4th 153, 157 (1991).
28  [33] *Brown v. Wells Fargo Bank, NA*, 168 Cal. App. 4th 938, 958 (2008).
    [34] *Id.* at 959.

**NOTICE OF MOTION AND MOTION TO DISMISS TO PLAINTIFFS' ADVERSARY
COMPLAINT**

1 circumstances they were made.[36] Plaintiffs have also not alleged specifically how
2 they relied upon the alleged misrepresentations or how they were injured in any
3 way therefrom.[37] With such vague and conclusory allegations, the scant
4 information provided in Plaintiffs' allegations fail to satisfy the specificity
5 requirements for pleading under Rule 9(b).

6       Furthermore, Plaintiffs allege that there was an agreement with Wells Fargo
7 and Loanstar wherein Plaintiffs agreed "they will continue to make monthly
8 mortgage payment[s]…starting February 2010 to cure the default."[38]   However,
9 Plaintiffs do not allege whether the purported agreement was written or oral.[39]
10 Even taking Plaintiffs' allegations to be true, no such oral agreement to postpone a
11 foreclosure sale is enforceable.[40]   Moreover, Plaintiffs have not sufficiently
12 alleged that Loanstar ever made such representations, as they do not provide the
13 name of the person who spoke on behalf of Loanstar.

14       Also, Plaintiffs do not allege that they continued to make monthly mortgage
15 payments.  Indeed, Plaintiffs' allegations only go so far as to allege that the last
16 payment was made on April 1, 2010.[41]   Thus, Plaintiffs' admitted failure to
17 continue making monthly mortgage payments would be in violation of the alleged
18 contract and Plaintiffs' failure to make payments would be grounds to continue
19 the foreclosure proceedings.

20       On these grounds, Plaintiffs' First Cause of Action for Fraud fails as a
21 matter of law and should be dismissed without leave to amend.[42]

22

23 ─────────────
[35] Complaint, ¶¶ 25-35.
24 [36] *Id.*
[37] *Id.*
25 [38] See Complaint, ¶ 26.
[39] See Complaint, ¶¶ 26-28.
26 [40] See *Nguyen v. Calhoun*, 129 Cal.App.4th 428, 444; *Raedeke v. Gibraltar Savings and Loan*
27 *Association*, 10 Cal.3d 665, 673; *Secrest v. Security Nat. Mortg. Loan Trust 2002-2*, 167
Cal.App.4th 544
28 [41] See Complaint, ¶ 28.
[42] *FRCP* Rule 12(b)(6).

**NOTICE OF MOTION AND MOTION TO DISMISS TO PLAINTIFFS' ADVERSARY
COMPLAINT**

1

2

3

           **3.    Plaintiffs' Third, Fourth, And Fifth Causes of Action Fail Because Foreclosure Proceedings Were Properly Commenced Upon Plaintiffs' Undisputed Default.**

4        Plaintiffs seek to set aside the trustee's sale and cancel the trustee's deed

5  upon sale based on the erroneous contention that "Defendants never had the legal

6  authority to foreclose[.]"[43]  As discussed above in greater detail, Plaintiffs have

7  failed to tender the outstanding loan balance, which precludes Plaintiffs from

8  stating a cause of action challenging the foreclosure.  Notwithstanding Plaintiffs'

9  failure to tender the amounts owing, Plaintiffs claims fail because the foreclosure

10  proceedings were statutorily compliant.

11        Plaintiffs' contentions are clearly erroneous as non-judicial foreclosures are

12  governed exclusively by California *Civil Code* §§ 2924 – 2924k, which provides

13  "the comprehensive statutory framework established to govern non-judicial

14  foreclosure sales" and "is intended to be exhaustive."[44]  California Commercial

15  Code § 3301, which concerns negotiable instruments, is inapplicable here.[45]

16        Again, Plaintiffs make unsupported conclusions and alleges that Loanstar

17  did not "have the right to declare default, cause notice of default to be issued or

18  recorded, or foreclosed on Plaintiffs' interest in the Subject Property."[46] Plaintiffs

19  are mistaken because Wells Fargo originated the Loan and was the original

20  beneficiary under the terms of the Deed of Trust[47] and Loanstar was an authorized

21  agent for Wells Fargo and Loanstar later became the substitute trustee.[48]  As such,

22  Loanstar was a proper party to commence foreclosure proceedings.

23

24

---

25  [43] See Complaint, ¶¶ 43, 50.

26  [44] *Moeller, supra* at 834 ; *see also Homestead Sav. v. Darmiento*, (1991) 230 Cal. App. 3d 424, 432-433.

27  [45] *Sicairos v. NDEX West, LLC, et al.* 2009 WL 385855 (S.D. Cal. 2009)

28  [46] See Complaint, ¶ 50; see also, Complaint, ¶¶ 43-44.
[47] See RJN, Exhibit 1.
[48] See RJN, Exhibits 2-3.

NOTICE OF MOTION AND MOTION TO DISMISS TO PLAINTIFFS' ADVERSARY
COMPLAINT

The statutory scheme, in California *Civil Code* §§ 2924 – 2924k, specifically provides that the foreclosure process may be conducted by the "trustee, mortgagee or beneficiary **or any of their authorized agents.**"[49] Plaintiffs' contrary contention has no basis in law or fact.[50]  In claiming that Loanstar does not have any right to foreclose, Plaintiffs are simply ignoring the current, recorded state of the title, as well as applicable law.  As an agent for the beneficiary and subsequent substitute trustee, Loanstar is fully authorized to see that the steps required for foreclosure are undertaken here as foreclosures may be conducted by "an agent for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee."[51]

In addition, Plaintiffs nonsensically allege that *Civil Code* section 2932.5 was violated because "the Foreclosing Defendants' interest was never acknowledged and recorded in violation of *Civil Code* § 2932.5."[52]  However, section 2932.5 is inapplicable here because Wells Fargo both originated and foreclosed on the Deed of Trust.[53]    As such, Plaintiffs' claim fails.

Lastly, Plaintiffs allege that Loanstar violated *Civil Code* section 2923.5.[54] *Civil Code* § 2923.5(a)(2) provides:

"A mortgagee, beneficiary, or authorized agent shall contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure."
*Civil Code* § 2923.5(b) provides:

---

[49] CA *Civil Code* § 2924(a)(1).
[50] *See Holland v. Morse Diesel Intern., Inc.,* (2001) 86 Cal.App.4th 1443, 1447; *Dodd v. Citizens Bank of Costa Mesa,*  (1990) 222 Cal.App.3rd 1624, 1627.
[51] *See, e.g., Civil Code* § 2924(a)(1).  *See also Moeller v. Lien,* (1994) 25 Cal. App. 4th 822, 830 ("Upon default by the trustor, *the beneficiary* may declare a default and proceed with a nonjudicial foreclosure sale." (emphasis added)
[52] See Complaint, ¶ 43.
[53] RJN Exhibit 1 and 5.
[54] See Complaint, ¶ 53

**NOTICE OF MOTION AND MOTION TO DISMISS TO PLAINTIFFS' ADVERSARY COMPLAINT**

"A notice of default filed pursuant to Section 2924 shall include a declaration that the mortgagee, beneficiary, or authorized agent has contacted the borrower, has tried with due diligence to contact the borrower as required by this section, or that no contact was required pursuant to subdivision (h)."

Thus, *Civil Code* § 2923.5 requires that the Notice of Default may only be recorded after the mortgagee, or agent thereto, has contacted the borrower, or exercised due diligence in attempting to contact borrower, to explore options to avoid foreclosure, and that compliance with the statute is evidenced by a declaration within the notice of default.

Plaintiffs' reliance on *Civil Code* § 2923.5 is defeated by Plaintiffs' own allegations. Plaintiffs concede that "[t]he Foreclosing Defendants contacted Plaintiffs to discuss their financial situation [and] Foreclosing Defendants explored options with Plaintiffs to avoid foreclosure[.]"[55] Moreover, Plaintiffs state that they reached an agreement "wherein they will continue to make monthly payments … starting February 2010 to cure the default."[56] Thus, Plaintiffs were in fact contacted as *Civil Code* § 2923.5 requires. Merely because Plaintiffs failed to continue making monthly mortgage payments or the outcome was not favorable for Plaintiffs is not grounds to bring such a claim. Also, the NOD contains the required declaration of statutory compliance with *Civil Code* § 2923.5.[57] Finally, even if there was a violation there is no remedy available to Plaintiffs.[58]

For these reasons, the third, fourth, and fifth causes of action fails and Loanstar's Motion to Dismiss should be granted, without leave to amend.

///
///
///

[55] See Complaint, ¶ 54.
[56] See Complaint, ¶ 26.
[57] See RJN, Exhibit 2.
[58] *Mabry v. Superior Court* (2010) 185 Cal.App. 4th, 201, 208.

NOTICE OF MOTION AND MOTION TO DISMISS TO PLAINTIFFS' ADVERSARY COMPLAINT

1
2
3

        **4.     Plaintiffs' Breach of Contract Claim Fails Because Plaintiffs Did Not Perform Under The Terms of The Note And Deed of Trust.**

4        Plaintiffs base their sixth cause of action on Loanstar's alleged breach of the

5  "note and deed of trust that Plaintiffs signed in July 2007."[59]  However, Plaintiffs'

6  claim fails because Plaintiffs did not perform what was required of them under the

7  terms of the Deed of Trust.  A sufficiently plead cause of action for breach of

8  contract must demonstrate the following elements:  "(1) the contract, (2) plaintiff's

9  performance or excuse for nonperformance, (3) defendant's breach, and (4) the

10  resulting damages to plaintiff."[60]   Additionally, the facts constituting the

11  defendant's breach should be stated with certainty.[61]

12        Plaintiffs fail to allege their performance or excuse for nonperformance of

13  what was required of them under the terms of the "note and deed of trust that

14  Plaintiffs signed in July 2007."[62]   Plaintiffs received a loan in the amount of

15  $600,000.00 and in return, Plaintiffs were to submit monthly mortgage payments

16  to repay the loan over the course of thirty years.[63]   However, Plaintiffs failed to

17  pay monthly mortgage payments as indicated in the NOD that was recorded upon

18  Plaintiffs' failure to submit the January 1, 2009 payment.[64]  Also, Plaintiffs admit

19  that they "fel[l] behind in [their] monthly mortgage payment[.]"[65]   In fact,

20  Plaintiffs sought to cure their default with a different payment plan that was to

21
22
23

        [59] See Complaint, ¶ 59.

24  [60] *Parrish v. National Football League Players Association,* 534 F.Supp.2d 1081, 1094

25  (N.D.2007) (citing *Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co.,* 116 Cal.App.4th 1375, n. 6. (2004)).

26  [61] See *Poirier v. Gravel,* 88 Cal. 79, 82 (1891); *Levy v. State Farm Mut. Auto Ins. Co.,* 150 Cal. App. 4th 1, 5 (2007).

27  [62] See Complaint, ¶ 58-59.

    [63] See Complaint, ¶¶ 58-59; see also, RJN, Exhibit 1.

28  [64] See RJN, Exhibit 2.

    [65] See Complaint, ¶ 25.

**NOTICE OF MOTION AND MOTION TO DISMISS TO PLAINTIFFS' ADVERSARY COMPLAINT**

1  commence in February 2010.[66]  Plaintiffs' own exhibits attached to the Complaint

2  further show Plaintiffs default as there were "overdue payments 02/01/09-

3  01/01/10 [in the amount of] $36,750.12.[67]  Thus, Plaintiffs did not perform under

4  the agreement.

5      Further, Plaintiffs do not sufficiently alleged Loanstar was a party to the

6  contract, or how it acting as foreclosure trustee, it did not apply payments made by

7  Plaintiffs.

8      For these reasons, Plaintiffs' cause of action for breach of contract fails and

9  Loanstar's Motion to Dismiss should be granted without leave to amend.

10     **5.    Plaintiffs' Seventh Cause of Action Fails Because Plaintiffs**

11         **Fail to Allege The Requisite Elements of Breach of The**
           **Implied Covenant of Good Faith and Fair Dealing and No**
12         **Contract or Tort Damages Are Permitted.**

13

14     The prerequisite for any cause of action for breach of the Covenant of Good

15  Faith and Fair Dealing ("Covenant") is the existence of a contractual relationship

16  between the parties, because the Covenant is an implied term in the contract.[68]  A

17  viable claim for breach of the Covenant must allege five characteristics: 1)

18  inherently unequal bargaining power; 2) non-profit motive for entering into the

19  contract; 3) inadequacy of ordinary contract damages; 4) special vulnerability on

20  the part of plaintiff due to the harm it would suffer from non-performance by other

21  party; and 5) other party's awareness of this vulnerability.[69]  The Complaint here

22  satisfies none of these requirements.

23  ///

24  ///

25

26  ─────────────────

27  [66] See Complaint, ¶ 26.
    [67] See Complaint, Exhibit 2.

28  [68] *Smith v. San Francisco*, 225 C.A. 3d 38, 49 (1990)
    [69] *Wallis v. Superior Court* (1984) 160 Cal.App.3d 1109, 1118; *Elxsi v. Kukje America Corp.*
    (N.D.CA 1987) 672 F.Supp. 1294, 1299 (and cases cited therein).

-12-

**NOTICE OF MOTION AND MOTION TO DISMISS TO PLAINTIFFS' ADVERSARY**
**COMPLAINT**

1     Further, claims brought under the Covenant do not permit tort damages

2  outside the insurance context. In *Foley v. Interactive Data Corp.,*[70] the California

3  Supreme Court gave a clear indication of its belief that, while an implied covenant

4  of good faith and fair dealing might still subsist in every contract, outside of the

5  insurance context, its breach would only give rise to contract damages. Although

6  *Foley* itself involved a wrongful termination case, several cases have noted the

7  *Foley* decision ought to apply to virtually any other business relationship other

8  than that of insurer and insured. In Particular, *Foley* has been applied in the context

9  of the lender borrower relationship.[71] Indeed, in *Careau & Co. v. Security Pacific*

10 *Business Credit, Inc.,*[72] the Court found that this cause of action probably no longer

11 existed in the context of ordinary commercial transactions at all.[73]

12     Since the relationship here is not between an insurer and insured but rather a

13 borrower-lender relationship in an arms-length commercial transaction, the

14 Covenant does not create a cause of action in tort.[74] Further, any potential contract

15 damages are barred by Plaintiffs' clear inability to perform under the contract by

16 tendering the required payments.[75]

17     Furthermore, Plaintiffs have again failed to allege the existence of any

18 contract between themselves and Loanstar, or that Loanstar was at all responsible

19 for the application of payments made by Plaintiffs.

20     As a result, Plaintiffs' Seventh Cause of Action fails and the Motion to

21 Dismiss should be granted without leave to amend.

22 ///

23 ///

24

---

25 [70] *Foley v. Interactive Data Corp.* (1988) 47 Cal.3d 654, 682-700.

26 [71] *Price v. Wells Fargo Bank* (1989) 213 Cal.App.3d 465, 476-79; *Mitsui Manufacturers Bank v. Superior Court* (1989) 212 Cal.App.3d 726, 730-33.

27 [72] *Careau & Co. v. Security Pacific Business Credit, Inc.* (1990) 222 Cal.App.3d 1371.
[73] 1398-1401.

28 [74] *Foley v. Interactive Data Corp.* (1988) 47 Cal.3d 654, 682-700.
[75] RJN, Exhibits "1" – "6"; *Katemis v. Westerlind,* (1953) 120 Cal.App.2d 537.

**NOTICE OF MOTION AND MOTION TO DISMISS TO PLAINTIFFS' ADVERSARY
COMPLAINT**

1      **6.    Plaintiffs' Slander of Title Claim is Inapplicable to**
2      **Loanstar**

3      Slander of Title is a false and unprivileged disparagement, oral or written, of

4  the title to real or personal property, resulting in actual pecuniary damage.[76] The

5  elements of Slander of Title are (1) publication; (2) falsity; (3) absence of

6  privilege; (4) and disparagement of another's land which is relied upon by a third

7  party and which results in pecuniary loss.[77] Further, fictional malice or malice

8  implied-in-law from the unprivileged character of the act is required.[78] Here, there

9  has not been any slander of Plaintiffs' Title since the conduct complained of was

10  privileged as a matter of law.

11      *Civil Code* §2924(d) provides:

12
13      All of the following shall constitute privileged communications
        pursuant to Section 47:
14      (1) The mailing, publication, and delivery of notices as required by
        this section.
15      (2) Performance of the procedures set forth in this article.
16      (3) Performance of the functions and procedures set forth in this
17      article if those functions and procedures are necessary to carry out the
        duties described in Sections 729.040, 729.050, and 729.080 of the
18      *Code of Civil Procedure.*

19
20      The recordation of the foreclosure notices such as Notice of Default and the

21  Trustee's Deed Upon Sale is a mandatory step to non-judicial foreclosure and is

22  required pursuant to *Civ. Code* §2924 et seq. Therefore, this publication would be

23  subject to the absolute privilege under *Civil Code* § 47(b).

24      Additionally, in order for Plaintiffs to assert a claim for slander of title, they

25  must allege that Loanstar published a matter that was untrue and disparaging to

26  *their land, chattels or intangible things* under circumstances that would lead

27  _____

28  [76] *Gudger v. Manton* (1943) 21 C.2d 537, 541, 134 P.2d 217.
   [77] *Summary of California Law, (2005), B.E. Witkin, 10th Ed., § 642.  (emphasis added)*

-14-

**NOTICE OF MOTION AND MOTION TO DISMISS TO PLAINTIFFS' ADVERSARY
COMPLAINT**

1  reasonable third parties to believe that they does not hold title thereto.[79]  Here,

2  Loanstar is the foreclosure trustee acting pursuant to the requirements of *Civ. Code*

3  §2924 and the power of sale contained in the Deed of Trust.[80]  Plaintiffs fail to

4  allege how the published Notices and the Trustee's Deed is untrue and disparaging,

5  when the foreclosure proceedings were properly initiated against a delinquent

6  borrower (which they admit).[81]  Merely using the words "wrongfully" and "without

7  privilege" is insufficient to meet the requisite elements for slander of title as

8  outlined above.[82]  Also, Plaintiffs erroneously contend that the Trustee's Deed

9  Upon Sale was improperly recorded "without having [first recorded the] Notice of

10  Trustee (sic) Sale."[83]  As the recorded Notice of Trustee's Sale is judicially

11  noticeable by this Court, any contradictory allegations within the Complaint are

12  properly discarded.[84]

13       Finally, Plaintiffs have failed to allege that the disparagement of Plaintiffs'

14  land which was relied upon by a third party and resulted in pecuniary loss to

15  Plaintiffs. The necessary elements to this claim are simply not identified in the

16  Complaint.  Therefore, the Motion to Dismiss should be granted.

17      **C.    Alternatively, A More Definite Statement Is Required**.

18      *FRCP* Rule 12(e) states in relevant part, "If a pleading to which a

19  responsive pleading is permitted is so vague or ambiguous that a party cannot

20  reasonably be required to frame a responsive pleading, the party may move for a

21  more definite statement."

22      A motion for more definite statement will be granted where the complaint

23

24

---

25  [78] *Gudger v. Manton, supra* at 544.
26  [79] *Frank Pisano & Associates v. Taggart,* 29 Cal.App.3d 1, 24 (1972).
     [80] See RJN, Exhibits 1, 3.
27  [81] See Complaint, ¶25.
     [82] See Complaint, ¶¶ 73-75.
28  [83] See Complaint, ¶ 73.
     [84] *State ex rel. Bowen,* 126 Cal.App.4[th] at 239-240.

NOTICE OF MOTION AND MOTION TO DISMISS TO PLAINTIFFS' ADVERSARY
COMPLAINT

1   does not apprise the defendant of the substance of the claim being asserted.[85] A

2   *FRCP* Rule 12(e) motion is proper where the complaint is so indefinite that the

3   defendant cannot ascertain the nature of the claim being asserted and is therefore

4   unable to frame a proper response.[86]

5       As demonstrated above, the claims against Loanstar are vague, unclear,

6   uncertain and indefinite, which makes it impossible for Loanstar to frame a proper

7   response. Thus, Plaintiffs, at minimum, should be required to provide a more

8   definite statement of the entire Complaint and all of its paragraphs. As the

9   *Frederick v. Koziol* court held, it is only in situations where the complaint gives

10  the defendant fair notice of the claims against him, that a motion for more definite

11  statement will be denied. [87]   The Complaint's allegations are so sparse that the

12  Loanstar is prejudiced by not knowing how to respond. Therefore, the Court

13  should grant the Motion for a More Definite Statement pursuant to *FRCP* Rule

14  12(e).

15          **IV.   CONCLUSION**

16      Plaintiffs' allegations surrounding the purported wrongful foreclosure are

17  fatally premised on a misinterpretation of well established California law

18  governing non-judicial foreclosure sales. Loanstar, as an agent for the beneficiary

19  and subsequent substitute trustee, was authorized to record a Notice of Default

20  upon Plaintiffs' undisputed default.   Moreover, Plaintiffs cannot challenge the

21  foreclosure because they have not tendered the amounts owing under the subject

22  loan. Based upon the foregoing, Loanstar respectfully requests that the Court

23  grant its Motion to Dismiss the Adversary Complaint without leave to amend.

24  ///

25  ///

26

27

28
[85] *FRA S.P.A v. Surg-O-Flex of America*, 415 F. Supp. 421, 427 (S.D.N.Y. 1976).
[86] *Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940, 949 (E.D. Cal. 1981).
[87] *Frederick v. Koziol*, 772 F. Supp. 1019, 1021 (E.D. Va. 1990).

-16-

**NOTICE OF MOTION AND MOTION TO DISMISS TO PLAINTIFFS' ADVERSARY COMPLAINT**

1      Alternatively, it is respectfully requested that the Court grant its Motion for

2  a More Definite Statement.

3                            Respectfully submitted,

4

5                            WRIGHT, FINLAY & ZAK, LLP

6

7  Dated:  November 16, 2010     By:   *//Nichole L. Glowin//*

8                            T. Robert Finlay, Esq.
Nicole K. Neff, Esq.

9                            Nichole L. Glowin, Esq.

10                           Attorneys for Defendant, FIRST
AMERICAN LOANSTAR TRUSTEE

11                           SERVICES, LLC.

-17-

**NOTICE OF MOTION AND MOTION TO DISMISS TO PLAINTIFFS' ADVERSARY
COMPLAINT**